Joel Andersen (SBN 262958)
jandersen@nilanjohnson.com
NILAN JOHNSON LEWIS PA
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401
Telephone: 612-305-7500
Facsimile: 612-305-7501

Attorney for Defendant Land O'Lakes, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRIS RENTERIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>LAND O'LAKES, INC., a Minnesota corporation, and DOES 1 TO 10, inclusive,<br><br>      Defendants. | Case No.: _____<br>Honorable _____<br><br><br>**DEFENDANT LAND O'LAKES, INC.'S NOTICE OF REMOVAL** |

TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND PLAINTIFF'S COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Land O'Lakes, Inc. ("Land O'Lakes") hereby removes this matter to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(a) and 1446. In support of its Notice of Removal, Land O'Lakes states as follows:

## RELEVANT FACTS

### I.    The Parties, Their Citizenship & Service

1.    Plaintiff Iris Renteria ("Plaintiff") filed her Complaint on December 10, 2024, in the Superior Court of California for Tulare County. (*See generally* Declaration of Joel Andersen, Exhibit 1 (hereinafter "Complaint").)

2.    Plaintiff served Land O'Lakes on December 10, 2024. (Andersen Decl., ¶ 3.)

3.    Defendant Land O'Lakes, Inc. is incorporated under the laws of Minnesota and has its principal place of business in Minnesota. (*Id.* at ¶ 4.)  Land O'Lakes is headquartered in Arden Hills, Minnesota. (*Id.*)

4.    According to Land O'Lakes's internal records, including pay statements and tax documents, Plaintiff has at all times been a California resident. (*Id.* at ¶ 5.)

5.    Plaintiff was employed by Land O'Lakes from February 2, 2021, to January 6, 2023. (*Id.* at ¶ 6.)

### II.    Plaintiff's Claim & Requested Relief

6.    Plaintiff alleges one cause of action against Land O'Lakes: unfair competition in violation of California Business and Professional Code Section § 17200 *et seq*. (*Id.* at 5-16.)

7.    Plaintiff seeks the following relief against Land O'Lakes: (1) public injunctive relief; (2) attorneys' fees; (3) costs; and (4) "any other relief" the Court deems "proper and just." (*Id.* at "Prayer For Relief" paragraph.)

**REMOVAL IS PROPER**

**I.    Applicable Legal Standard**

8.    Federal district courts may exercise subject matter jurisdiction over matters between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

9.    For purposes of this rule, diversity exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Ruelaz v. Leprino Foods Co.*, 2025 WL 25549, at *1 (E.D. Cal. Jan. 3, 2025) (quoting *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Ruelaz*, 2025 WL 25549, at *2.

10.    With respect to the amount-in-controversy requirement, when the complaint is unclear and the action has been removed from state court, defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional minimum]." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Id*. In determining whether the jurisdictional minimum has been met, claims of general and specific damages, attorneys' fees when authorized by an underlying statute, and punitive damages may all be used. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001); *Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). Importantly, the attorneys' fees that must be considered are not just those generated up until the filing of the complaint. Instead, the Ninth Circuit has expressly held that attorneys' fees through the end of the case, including trial, also must be counted. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("We conclude, in light of *Chavez* and our precedents, that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met.").

11.     Finally, removal must be timely, meaning that the notice of removal must be filed no later than "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . ." 28 U.S.C. § 1446.

**II.     Complete Diversity Exists Between Gourlay and Land O'Lakes**

12.     Land O'Lakes's personnel records confirm that Plaintiff has been domiciled in California at all relevant times. *See Von Kennel Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004). (Andersen Decl., ¶ 5.)

13.     Plaintiff names as a Defendant Land O'Lakes, Inc. For the purpose of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 88 (2010). A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz*, 559 U.S. at 92-93. Land O'Lakes, Inc. is a Minnesota citizen because it was both incorporated in and has its principal place of business in Minnesota. (Andersen Decl., ¶ 4.)

14.     Further, the Court need not consider—and Plaintiff did not allege—the potential citizenship of the supposed Doe Defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1).

15.     Complete diversity therefore exists between the properly named parties in the Complaint.

**III.     The Amount in Controversy Requirement Is Satisfied**

16.     Though Plaintiff does not allege a specific damages amount, the allegations in her Complaint show the amount in controversy easily exceeds the jurisdictional minimum.

17.     First, Plaintiff seeks to recover attorneys' fees. (Compl. ¶ 16.) Attorneys' fees

can be included in the amount in controversy if they are recoverable by statute or contract because future attorneys' fees are "at stake" in the litigation. *See Woolsey v. State Farm Gen. Ins. Co.*, 672 F. Supp. 3d 1018, 1027 (C.D. Cal. 2023) (citing *Fritsch v. Swift Trans. Co. of Arizona*, *LLC*, 899 F.3d 785, 794 (9th Cir. 2018)). For example, in *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), the court included a reasonable estimate of attorneys' fees likely to be expended in the amount in controversy, because "[w]here the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to the amount in controversy."

18.    Plaintiff's attorneys' fees alone will eclipse the amount in controversy when reasonably estimating her counsel's rate and a case's median duration in the Eastern District of California. One of Plaintiff's three counsel, Attorney Ryan Davis, has 10 years of experience, and in one case in 2023, had a rate of at least $450 per hour. (Andersen Decl. Exhibt 2, ¶ 13.) In the Eastern District of California, the median length of time for civil cases to be taken to trial is 65.6 months. *See* https://www.uscourts.gov/data-news/data-tables/2024/09/30/federal-court-management-statistics/n-1 (last visited January 6, 2024). Taking only Attorney Davis (and assuming neither of the other two attorneys listed on the Complaint perform any work whatsoever on the case, nor any unlisted attorneys or paralegals), and considering his assumedly outdated hourly rate, Plaintiff's counsel would only need to work 166.67 hours, throughout the next 65.6 months, to exceed the requisite amount in controversy. Given the motion practice, discovery, and pre-trial work that will likely ensue in this matter, and that Attorney Davis presumably will not perform all the work (since Plaintiff did, after all, list three attorneys on the Complaint), Plaintiff's attorneys' fees will exceed $75,000.

19.    Second, the cost of complying with an injunction can also be included in the amount in controversy. *See Martinez v. Johnson & Johnson Consumer Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). "Under the 'either viewpoint' rule, the test for determining the amount

in controversy is the pecuniary result to either party which the judgment would directly produce." *In re Ford Motor Co./Citibank (South Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)). "In other words, where the value of plaintiff's recovery . . . is below the jurisdictional amount, but the potential cost to the defendant of complying with the injunction exceeds that amount, it is the latter that represents the amount in controversy for jurisdictional purposes." *Id.* Precision is not required for measuring the amount in controversy because the value of an injunction may not be capable of precise determination. *See Luna v. Kemira Specialty, Inc.*, 575 F. Supp. 2d 1166, 1172 (C.D. Cal. 2008).

20.    Plaintiff seeks "public injunctive relief" that, if successful, would require Land O'Lakes to incur enormous time and expense to comply with. Plaintiff alleges Land O'Lakes violated Cal. Bus. & Prof. Code § 16600.10(b)(1), which requires employers to provide current employees and former employees written notice of "unlawful" restrictive covenants in their respective employment agreements. The notice must "be in the form of a written individualized communication to the employee or former employee, and . . . be delivered to the last known address and the email address of the employee or former employee." *Id.* § 16600.1(b)(2). Land O'Lakes estimates 775 current and former employees would be subject to Plaintiff's requested injunction, meaning Land O'Lakes would be required to locate last known addresses and email addresses for each of those individuals.  (Declaration of Amanda Ackerley, ¶¶ 4-5.)  Land O'Lakes conservatively believes it would expend just shy of 130 hours in undertaking the endeavor. (Ackerley Decl. ¶ 5.) The individual who would engage in this work earns a salary of $85,452.64. (*Id.* ¶ 3.) Thus, the hours spent on this work will result in $5,340.40 of compensation costs.

21.    Adding together the anticipated attorneys' fees and costs to comply with the requested permanent injunction, the amount in controversy exceeds $75,000. The court is permitted to add together both the costs of Plaintiff's requested injunctive relief and attorneys' fees to determine the amount in controversy.  *See generally Martinez*, 471 F. Supp. 3d at 1010 (determining whether subject matter jurisdiction is established when

combining the costs of injunctive relief, attorneys' fees, and statutory damages).

**IV.   <u>Removal Is Timely</u>**

22.    Plaintiff served her Complaint on December 10, 2024. (Andersen Decl. ¶ 3.) Land O'Lakes has thus filed this Notice of Removal within the requisite 30 days.

**V.   <u>Other Procedural Requirements Are Also Satisfied</u>**

23.    Based upon the allegations in the Complaint, the proper venue for removal of this action is to the United States District Court for the Eastern District of California because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

24.    In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders provided to Land O'Lakes in this action are attached as **Exhibit 1** to the Andersen Declaration.

25.    In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of California for Tulare County and is being served on all adverse parties.

26.    By filing this Notice of Removal, Defendants do not waive any defenses, objections, or motions available to them under state or federal laws.

27.    By filing this Notice of Removal, Defendants do not admit any of the allegations in Plaintiff's Complaint.

**WHEREFORE**, Defendant Land O'Lakes, Inc. gives notice that this action is removed from Tulare County Superior Court to the United States District Court for the Eastern District of California.

1

NILAN JOHNSON LEWIS PA

2    Dated: January 9, 2025

By: _s/Joel Andersen_____

3
Joel Andersen (SBN 262958)
jandersen@nilanjohnson.com

4
250 Marquette Avenue South, Suite 800
Minneapolis, MN 55401

5
Telephone: 612-305-7500
Facsimile: 612-305-7501

6

7
ATTORNEYS FOR DEFENDANT
LAND O'LAKES, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL

**PROOF OF SERVICE**
**EASTERN DISTRICT OF CALIFORNIA**

**Iris Renteria v. Land O'Lakes, Inc., a Minnesota corporation,**
**and DOES 1 TO 10, inclusive**

**(Court File No.: _____)**

I am employed with the law firm of NILAN JOHNSON LEWIS PA, whose address is 250 Marquette Avenue South, Suite 800, Minneapolis, Minnesota 55401. I am over the age of 18 years and not a party to the within action. On January 9, 2025, I served the document named below on the parties in this action as follows:

**DOCUMENT(S) SERVED: Defendant Land O'Lakes, Inc.'s Notice of Removal**

**SERVED UPON**:

Imad Y. Elia
Law Offices of Mann & Elias
8283 Wilshire Blvd., Suite 750
Beverly Hills, CA 90211
*imad@mannelias.com*

Majed Dakak
Ryan Davis
Kesselman Brantly Stockinger LLP
1230 Rosecrans Avenue, Suite 400
Manhattan Beach, CA 90266
*mdakak@klslaw.com*
*rdavis@kbslaw.com*

**ATTORNEYS FOR PLAINTIFF**

☒ (BY MAIL)   I caused each such envelope, with postage thereon to be placed in the United States mail at Minneapolis, Minnesota. I am readily familiar with the practice of Nilan Johnson Lewis PA for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ (BY PERSONAL SERVICE) I delivered or caused to be delivered by an authorized courier such documents by hand to the office(s) of the addressee(s).

☐ (BY UPS) I am readily familiar with the practice of Nilan Johnson Lewis PA for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by UPS for overnight delivery.

☐ (BY ELECTRONIC SERVICE) through the Eastern District of California's electronic case filing system.

☒ (BY ELECTRONIC MAIL) I caused a true and correct copy of the above-referenced document to be transmitted electronically to the attorney(s) of record at the email address(es) indicated above.

Executed on January 9, 2025, at Minneapolis, Minnesota.

*s/ Debra J. Bolin*
Debra J. Bolin