**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IRIS RENTERIA,<br>Plaintiff,<br>v.<br>LAND O'LAKES, INC.,<br>Defendant. | Case No. 1:25-cv-00043 JLT SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND REMANDING ACTION TO TULARE COUNTY SUPERIOR COURT<br><br>(Docs. 5, 17, 27, 28, 31) |

On January 16, 2025, Defendant Land O'Lakes, Inc. filed a motion to dismiss Plaintiff Iris Renteria's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] (Doc. 6.) On February 10, 2025, Plaintiff filed a motion to remand this action to Tulare County Superior Court, arguing, in part, that she lacks Article III standing because her sole claim is for public injunctive relief to remedy a public wrong rather than Plaintiff's individual injury.[2] (Doc. 17.) On May 12, 2025, the magistrate judge issued Findings and Recommendations finding that Plaintiff's requested relief does not constitute public injunctive relief but nonetheless recommending that Plaintiff's motion

[1] Defendant also filed, on January 16, 2025, a motion to transfer venue. (Doc.. 5.) Defendant withdrew the motion at a hearing held by the assigned magistrate judge on April 9, 2025. (*See* Doc. 27.)

[2] Plaintiff also argues the amount in controversy in this injunctive relief action does not exceed $75,000. Because the magistrate judge found Plaintiff lacks Article III standing, the parties' dispute regarding the amount in controversy was not addressed.

to remand be granted because Plaintiff does not otherwise allege that she has Article III standing. (Doc. 27.)

The Court served the Findings and Recommendations on the parties and notified them that any objections were due within 14 days. (Doc. 27 at 14.) On May 27, 2025, Plaintiff filed objections to the magistrate judge's reasoning related to the motion to remand. (Doc. 28.) On June 6, 2025, Defendant filed a response to Plaintiff's objections. (Doc 31.) According to 28 U.S.C. § 636(b)(1)(C), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis.

Plaintiff objects to the Findings and Recommendations on two grounds, neither of which are persuasive. First, she contends (Doc. 28 at 3–4) that the magistrate judge erroneously narrowed the nature of the requested injunction from one that would preclude Defendant from including and/or attempting to enforce a non-solicitation provision in "the contacts of their California employees ***in the future***" (Doc. 1-4 (Complaint) at ¶ 15 (emphasis added)), to one that would preclude Defendant from "potential ***future*** enforcement of non-solicitation provisions contained in ***former and current*** employees' contracts." (*See* Doc. 27 at 10 (emphasis added).) Though the magistrate judge rephrased the requested injunctive relief, the Court agrees with Defendant (*see* Doc. 31 at 3–4) that the description is accurately derived from the record. There was no erroneous narrowing or any material misunderstanding of the nature of the injunctive relief requested.

Second, Plaintiff complains that the magistrate judge "erred" by "requiring" public injunctive relief to benefit the general public in "equal shares." (Doc. 28 at 4.) The relevant discussion in the Findings and Recommendations is as follows:

> Plaintiff argues that "[b]y requiring Defendant to notify its current and former employees that the non-solicitation provision in their contracts is void and prohibiting Defendant from including unlawful non-solicitation provisions…in its contracts in the future, Plaintiff's requested injunctions benefit the entire California population by removing barriers to economic development, innovation, and growth." (ECF No. 24 at 6.) The Court does not doubt the public has an interest in these broad-brush principles. Plaintiff, however, conflates the magnitude of her averred public

> interest with the manner in which a public injunction benefits the general public in equal shares. [*Rogers v. Lyft, Inc*., 452 F. Supp. 3d 904, 921 (N.D. Cal., April 7, 2020)] (contrasting relief requesting that Lyft reclassify its drivers from independent contractors to employees, which affects drivers only, with an injunction that enjoins false advertising or deceptive labeling, which could trick any member of the public). Plaintiff's averred benefit to the public—removing Defendant's alleged barrier to economic development, innovation, and growth by enjoining it from enforcing the non-solicitation provision—is, at best, collateral to the benefit to Defendant's current and former employees whose contracts contain the non-solicitation provision. *See Clifford [v. Quest Software Inc.]*, 38 Cal. App. 5th [745,] 754-55 [(2019)](explaining that although "[t]he public certainly has an interest in securing an employer's compliance with wage and hour laws," such interest to the public does not transform a private UCL injunctive relief claim to a public one). That the general public may incidentally benefit from enjoining Defendant from enforcing its non-solicitation provision against its former and current employees is insufficient to classify such relief as public injunctive relief. Accordingly, the Court finds Plaintiff's requested injunctive relief to notify Defendant's current and former employees that the non-solicitation provision in their employment contracts is void and enjoining Defendant from enforcing that provision does not constitute public injunctive relief.

(Doc. 27 at 10–11.) Both Plaintiff and Defendant agree that the cited language from *Rogers* is dicta. (*See* Doc. 28 at 5; Doc. 31 at 5.) Plaintiff argues that Rodgers "cannot be relied on" for this issue because dicta is "non-binding." (Doc. 27 at 5 (citing *Nat'l Collegiate Athletic Assn. v. Alston*, 594 U.S. 69, 93 (2021).) Notwithstanding that there is authority suggesting a lower court may consider dicta of a higher court to be persuasive authority, *see Valladolid v. Pac. Operations Offshore, LLP*, 604 F.3d 1126, 1131 (9th Cir. 2010), *aff'd and remanded sub nom. Pac. Operators Offshore, LLP v. Valladolid*, 565 U.S. 207 (2012), the Court agrees with Defendant that the outcome would not change even if the magistrate judge's discussion of *Rogers* is entirely disregarded. This is because the Findings and Recommendations did not rely exclusively on *Rogers*. Rather, it cited *Clifford* for the more general proposition that even though the public may incidentally benefit from enjoining an unlawful employment practice, such benefit is insufficient to classify the requested relief as seeking a public injunction. Both the reasoning and the ultimate conclusions of the Findings and Recommendations are therefore sound. Thus, the Court ORDERS:

1. The findings and recommendations (Doc. 27) dated May 12, 2025, are

**ADOPTED** in full.

2. Plaintiff's motion to remand (Doc. 17) is **GRANTED**.

3. Defendant's motion to dismiss (Doc. 6) is **DENIED** as moot.

4. This action is **REMANDED** to the Tulare County Superior Court.

5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 12, 2025**

UNITED STATES DISTRICT JUDGE